UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                       Case No.: 21-cr-20639
                                       Hon. Gershwin A. Drain

NAVDEEP SINGH,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2), OR, IN THE ALTERNATIVE FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1) [#40]

On May 17, 2023, Defendant was sentenced to a term of 54 months imprisonment followed by 3 years of supervised release after entry of a guilty plea to possession with intent to distribute 5 kilograms or more of cocaine.  Now before the Court is the Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), or, alternatively, Defendant moves for a reduction in sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1).  Upon review of Defendant's present motion and the applicable law, the Court concludes that Defendant is ineligible for a sentence reduction under § 3582(c)(2) or § 3582(c)(1).

Part B of Amendment 821 permits a two-level reduction for certain zero-point offenders. Applying Amendment 821, Defendant's total offense level would be 25, and his criminal history category would remain at I, which yields a guidelines range of 57 to 71 months. At the time of his sentencing, this Court imposed a downward variance pursuant to 18 U.S.C. § 3553(a) to a 54-month custodial sentence.

Under Amendment 821's applicable policy statement, courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10 (b)(2)(A). Because the Court already sentenced Defendant to 54 months by way of a downward variance, the pertinent policy statement bars this Court from further reducing Defendant's term of imprisonment under Amendment 821. *See United States v. Llanos Cortes*, No. 19-20220, 2023 U.S. Dist. LEXIS 214957, 2023 WL 8372815, at *3 (S.D. Fla. Dec. 4, 2023) (denying application of Amendment 821 "[b]ecause the Court's judgment imposed a sentence of 100 months, which is below the new guideline range" and therefore the Court was "precluded by the applicable policy statement from reducing [defendant's] sentence pursuant to § 3582(c)(2)."); *Dillion v. United States*, 560 U.S. 817, 827 (2010) ("Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the

extent of the reduction authorized."). Defendant therefore is ineligible for a sentence reduction under § 3582(c)(2).

Alternatively, Defendant argues he qualifies for a sentence reduction under § 3582(c)(1) because "extraordinary and compelling" reasons warrant such relief. Section 1B1.13 of the USSG provides that extraordinary and compelling reasons for granting relief under § 3582 might exist under specifically listed types of circumstances, such as when a defendant has a terminal illness or a serious and chronic medical condition, suffered the death or incapacitation of a family member who cares for the defendant's minor child, or when the defendant is a victim of abuse by the Bureau of Prisons (BOP) or its agents. The Policy Statement also includes a catch-all provision stating that a court may grant relief for extraordinary and compelling circumstances if the defendant presents circumstances that are "similar in gravity" to the specifically listed types of extraordinary and compelling reasons such as terminal illness, serious family issues or BOP abuse. *See* Policy Statement 1B1.13(b)(5).

In this case, Defendant fails to present any extraordinary and compelling reason for granting relief under § 3582(c)(1). He bases his argument on the catch-all, "similar in gravity" provision set forth in Policy Statement 1B1.13(b)(5). He argues that he is unable to apply his earned FSA credits because he will be subject to a final order of removal due to FMC Devens "dragnet practice" of contacting

INS shortly before an INS defendant's FSA applicable release date and swiftly entering a final order of removal. *See* 18 U.S.C. § 3632(d)(4)(E)(i)(prisoners are ineligible to apply time credits if the prisoner is the subject of a final order of removal). Defendant has not demonstrated denying him the ability to apply FSA time credits is an extraordinary and compelling circumstance "similar in gravity" to the reasons listed in Policy Statement 1B1.13.

Accordingly, for the reasons articulated above, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), or, Alternatively for Compassionate Release under 18 U.S.C. § 3582(c)(1) [#40] is DENIED.

SO ORDERED.

Dated: December 28, 2023   /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 28, 2023, by electronic and/or ordinary mail.
/s/ Lisa Bartlett
Case Manager